IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
:
: CASE NO. 1:06 CV 11
REGINALD HAIRSTON          Plaintiff  :
:
        -vs-                       : MEMORANDUM OF OPINION
: AND ORDER
:
:
LYNNE L. MAZELKA           Defendant  :
------------------------------------------------------ :


UNITED STATES DISTRICT JUDGE LESLEY WELLS

     On 4 January 2006, plaintiff pro se Reginald Hairston filed the above-captioned action under 42 U.S.C. § 1983 against Lake County Clerk of Courts Lynne L. Mazelka. (Docket No. 1). Mr. Hairston contends incorrect information is contained on the docket in his criminal case. He seeks removal of the information and an award of compensatory damages.

## *Background*

     Mr. Hairston's pleading is very brief. He claims he received a copy of the docket sheet in Lake County Court of Common Pleas Case No. 05CR000254 and noticed an entry that was not applicable to his case. He contends the Lake County Clerk of Court's Office sent a report to the Bureau of Motor Vehicles stating that Mr. Hairston "was convicted of drugs." (Compl. at 1.) He states he has never been arrested, indicted, or convicted on drug charges. Mr. Hairston alleges he "wrote them a letter explaining my

situation but they never responded." (Compl. at 2.) He indicates that the pleading "has now been made public information." (Compl. at 2.)

## *Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, Mr. Hairston does not identify any particular legal theory upon which he seeks to base his claims. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986).

v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. Moreover, Mr. Hairston's failure to identify a particular legal theory in his complaint places an unfair burden on the defendant to speculate on the potential claims that plaintiff may be raising against her and the defenses she might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state the federal constitutional claim or claims upon which Mr. Hairston intends to base his § 1983 action.

### *Conclusion*

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). Further, the Court certifies that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/Lesley Wells  
UNITED STATES DISTRICT JUDGE

Dated: 7 April 2006

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

3